

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

JAMES OWUSU,
                             Plaintiff,

                 - against –

CORONA TIRE SHOP, INC., and
MOHAMMAD NAWAZ,
jointly and severally

                       Defendants.

------------------------------------------------------------------- X

**Case No.**
**09-CV-3744**
(NGG) (JO)

**MOTION FOR**
**SUMMARY JUDGMENT**
**(FED. R. CIV P.56)**

### PRELIMINARY STATEMENT

The complaint alleges that the defendants violated the Fair Labor Standard Act ("FLSA") 29 U.S.C. §201 *et seq* and the New York Labor, Article 6, §190 *et seq* and Article 19 §650 *et seq.*

This motion seeks summary judgment in favor of the defendants in that the defendants do not have annual gross receipts at least $500,000 and therefore this requirement of the FLSA is not met. Also it is not an enterprise engaged in commerce or in the production of goods for commerce and the defendants are entitled to summary judgment.

### F A C T S

The defendant Corona Tire Shop, Inc. ("Corona") is a small retail shop located in Queens. Its business is primarily supplying used tires to its customers and it also does automobile mechanical work all at its shop in Queens.

Corona during all the years in question had annual gross receipts of less than $200,000.00.

The plaintiff was employed by the defendant from November 1997 until December 2008 primarily as an automobile tire changer and also did some automobile mechanical work.

## ARGUMENT

I. **THE FLSA IS IN APPLICABLE, AS THE DEFENDANTS HAD ANNUAL GROSS RCEIPTS DURING THE YEARS IN QUESTION OF SUBSTANTIAL LESS THAN $500,000, AND IS NOT AN ENTERPRISE ENGAGED IN COMMERCE OR IN THE PRODUCTION OF GOODS FOR COMMERCE**

The complaint alleges a violation of the Fair Labor Standard Act, 29 U.S.C. §201 *et seq* ("FLSA").

Section 202 of the FLSA states it only applies to "industries engaged in commerce or in the production of goods for commerce".

FLSA §203(s)(1) defines an "Enterprise engaged in commerce or in the production of goods for commerce, as one that

"(A)(i)   has employees engaged in commerce or in the production of goods for commerce, and that has employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce by any person; *and* (emphasis supplied)

"(ii)   is an enterprise whose annual gross volume of sales made or business done is not less than $500,00 (exclusive of exercise taxes at the retail level that are separately stated)".

2

The annual gross volume of sales made or business done by defendant Corona Tire Shop, Inc. is less than $200,000 for all of the years that plaintiff was employed by Corona. See affidavit of Mohammad Nawaz annexed hereto.

The other provision of FLSA §203(s)(1)(A) that defines an "enterprise engaged in commerce or in the production of goods for commerce" is that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on a goods or materials that has been moved or produced for commerce by any person".

Corona has only one small shop whose business is primarily to sell and mount used tires on vehicles, and also does automobile mechanical work. All this work is done in its small shop in Queens.

Defendant is a business that is not engaged in commerce or in the production of goods for commerce.

*Tripodi v. Microculture, Inc.,* D. Utah, 200 5, 397 F. Supp 2nd 1308, 1313-1314.

*Lenca v. Laran Enterprises, Inc.,* 388 F. Supp 782 N.D. Ill. 1974.

*Ware v. Guilford Bldg., Inc.,* W.D.N.C. 1969, 313 F. Supp 1061 affirmed 1969, 427 F. 2d 1368.

*Wirtz v. Melos Const. Corp.,* C.A. (N.Y.) 1969, 408 F2d 626

*Wirtz v. Charleston Coca-Cola Bottling Co.,* E.D.S.C. 1965, 237 F, Supp 857, reversed on other grounds 356 F. 2d 426.

*Wirtz v. Melos Const., Corp.,* C.A. (N.Y.) 1969, 488 F. 2d 626.

*Lenca v. Laran Enterprises, Inc.,* 388 F. Supp 782 N.D. Ill. 1974, 388 F. Supp 782.

*Ware v. Guilford Bldg., Inc.*, W.D.N.C. 1969, 313 F. Supp 1061 affirmed 1061 affirmed, 427 F. 2d 1368.

## **CONCLUSION**

Defendant's motion for summary should be granted.

Dated:        Queens, New York
              June 2, 2010

                              AZAM & HERTZ LLP

                      By: *[signature]*
                              Gerald M. Hertz  (GH-1505)
                              Attorneys for Defendants
                               CORONA TIRE SHOP, INC. and
                               MOHAMMAD NAWAZ
                              74-09 37th Avenue, Suite 303
                              Jackson Heights, NY 11372
                              Tel: (718) 672-8115
                              Fax: (718) 672-8117

United States District Court
Eastern District Of New York
---------------------------------------------------------------- X
JAMES OWUSU,                                          :
                                   Plaintiff,         :    **09-CV-3744**
                                                      :    (NGG) (JO)
         -   against –                                :
                                                      :
CORONA TIRE SHOP, INC., and                           :    **AFFIDAVIT IN SUPPORT**
MOHAMMAD NAWAZ,                                       :    **OF MOTION FOR**
jointly and severally                                 :    <u>**SUMMARY JUDGMENT**</u>
                                                      :
                                   Defendant(s).      :
---------------------------------------------------------------- X

STATE OF NEW YORK        )
                         ) S.S.:
COUNTY OF QUEENS         )

     **MOHAMMAD NAWAZ**, being duly sworn deposes and says:

    **1.**    I am a defendant in the above entitled action and make this affidavit in support of the defendant's motion for summary judgment.

    **2.**    I own fifty (50%) percent of the shares of the defendant Corona Tire Shop, Inc. ("Corona").

    **3.**    I have been a fifty (50%) percent owner of Corona and involved in its business since its inception.

    **4.**    I can state on my own personal knowledge that Corona never had annual gross receipts from its inception to the present time, in excess of $200,000.

                                                        MOHAMMAD NAWAZ

Sworn to before me this   2nd   day
of June, 2010.

GERALD M. HERTZ
Notary Public, State of New York
No. 6874590
NOTARY PUBLIC (County
Commission Expires Sept. 30, _10_)

                 GERALD M. HERTZ
                 ary Public, State of New York
                 No. 6874590
               Qualified in Nassau County
            Commission Expires Sept. 30, _10_)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

JAMES OWUSU,

                                     Plaintiff,

              -   against –

CORONA TIRE SHOP, INC., and
MOHAMMAD NAWAZ,
jointly and severally

                            Defendants.

------------------------------------------------------------- X

|  |  |
|---|---|
| : | **Case No.** |
| : | **09-CV-3744** |
| : | (NGG) (JO) |
| : |  |
| : |  |
| : | **STATEMENT OF** |
| : | **MATERIAL FACTS** |
| : | **AS PER LOCAL RULE 56.1** |
| : |  |
| : |  |

1.      The defendant Corona Tire Shop, Inc. ("Corona") has never had gross annual receipts in the amount of at least $500,000 therefore the Fair Labor Standard Act ("FLSA") does not apply to this action.

2.      Corona does not have employees engaged in commerce or in the production of goods for commerce, and it does not have employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce by any person therefore the FLSA does not apply to this action.

Dated:      Queens, New York
             June 2, 2010

                         AZAM & HERTZ LLP

                         By: _____
                             Gerald M. Hertz  (GH-1505)
                             Attorneys for Defendants
                              CORONA TIRE SHOP, INC. and
                              MOHAMMAD NAWAZ
                         74-09 37th Avenue, Suite 303
                         Jackson Heights, NY  11372
                         Tel: (718) 672-8115
                         Fax: (718) 672-8117

TO:    The Law Office of Justin A. Zeller, PC
         JUSTIN A. ZELLER, ESQ.
         277 Broadway, Suite 408
         New York, NY 10007

00322-09 [Lit] Nawaz, M.\Federal\LD\
Statement of Material of Facts – 06-02-10

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been sent via

United States, via first class mail, postage prepaid, to:

> The Law Office of Justin A. Zeller, PC
> Justin A. Zeller, Esq.
> 277 Broadway, Suite 408
> New York, NY 10007

this 2nd day of June, 2010

AZAM & HERTZ LLP

By: _____
      Gerald M. Hertz  (GH-1505)
      Attorneys for Defendants
        CORONA TIRE SHOP, INC. and
        MOHAMMAD NAWAZ
      74-09 37th Avenue, Suite 303
      Jackson Heights, NY  11372
      Tel: (718) 672-8115
      Fax: (718) 672-8117

00322-09 [Lit] Nawaz, M.\Federal\LD\
  Motion for Summary Judgment - 060210