UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
    JAMES OWUSU,

                              Plaintiff,

         -against-

    CORONA TIRE SHOP, INC. and MOHAMMAD
    NAWAZ,

                              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-3744 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

        Plaintiff James Owusu ("Owusu") brings an action against his former employer, Corona Tire Shop, Inc. ("Corona"), and its owner, Mohammad Nawaz ("Nawaz"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and New York Labor Law §§ 190 and 650, alleging that Corona failed to pay him overtime wages in violation of those statutes. (Complaint (Docket Entry # 1).) Defendants move for partial summary judgment under Federal Rule of Civil Procedure 56 on the ground that Corona's annual gross receipts are insufficient to subject it to FLSA. ("Defendants' Motion" (Docket Entry # 25).) Owusu opposes Defendants' Motion and cross-moves for summary judgment under Federal Rule of Civil Procedure 56. ("Owusu's Motion" (Docket Entry # 30).) As set forth below, the court denies both motions.

## I.    STANDARD OF REVIEW

        A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a

reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

## II.  BACKGROUND

Owusu was employed by Corona from November 1997 until December 19, 2008 as an auto-mechanic. (Defendants' Motion at 2; Owusu's Motion at 2.) In his Complaint, Owusu claims that he was paid a fixed, weekly wage for his work at Corona but, despite working over forty hours per week on several occasions, he was not paid overtime wages. (Complaint ¶ 15.) Owusu argues that this violated FLSA and New York Labor Law §§ 190 and 650. (Id. ¶ 16-34.)

## III.  DISCUSSION

### A.  Defendants' Motion for Summary Judgment on Owusu's FLSA Claims

#### 1.  Corona's Enterprise Coverage Under FLSA

An employer is subject to FLSA if it is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1), 206(a), 207(a)(1). An enterprise is "engaged in commerce" if it "has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and ... [its] annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1).

Defendants argue that they are not subject to FLSA because Corona's annual gross volume of sales has never exceeded $500,000. (Defendants' Motion at 2-3; Statement of Material Facts as per Local Rule 56.1 ("Defendants' 56.1") (Docket Entry # 25) ¶ 1; Affidavit of Mohamad Nawaz ("Nawaz Aff.") (Docket Entry # 25) ¶ 4.) Defendants do not offer any legal analysis in support of their argument. Rather, they merely provide the court, in bullet-point

2

fashion, a list of cases as a conclusion to their brief. Defendants do not devote a single word to describing any one of these cases, or provide any explanation of their relevance to this case. The court will simply not serve as Defendants' counsel's research assistant, nor will it take the appendage of these cases to Defendants' counsel's brief as anything more than a misplaced shopping list of cases Defendants' counsel might have read had he only had more time. The court, therefore, does not consider these cases in its decision.

Plaintiff's counsel's Rule 56.1 statement suffers from comparable infirmities. Its relevant part simply states: "Plaintiff will offer testimony that Defendant has had gross annual receipts of at least $500,000." (Statement of Material Facts as per Local Rule 56.1 ("Plaintiff's 56.1") (Docket Entry # 30-1) ¶ 1.) Local Civil Rule 56.1(d) plainly requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." Local Rules of the United States District Courts for the Southern and Eastern District of New York, Civil ("Local Civil Rule") 56.1(d) (emphasis omitted). It appears that both parties have violated this simple requirement: neither parties' Rule 56.1 Statements cite to any evidence, whatsoever, for the facts they assert. Moreover, this is not the first time that the parties have violated this court's rules. (See Docket Entry # 26 (describing the parties' failure to submit a sufficient pre-trial order).) As such, the court will not consider either parties' Rule 56.1 Statement, and notes that it simply will not tolerate any further sloppiness in the parties' submissions.

The only remaining "evidence," therefore, is Nawaz's affidavit that Corona does not gross more than $500,000 annually (Nawaz Aff. ¶ 1), and Owusu's counsel's promise that he "will present oral testimony establishing [Corona's] volume of business." (Plaintiff's Motion at

3

1). One, however, is admissible evidence on a motion for summary judgment while the other is not. Owusu's counsel has submitted no evidence to counter Nawaz's assertion, even though discovery had been closed for almost a month when he submitted his cross-motion for summary judgment. Accordingly, there is no genuine issue of material fact with regard to Corona's gross receipts; the undisputed evidence establishes that it did not engage in business greater than $500,000 as required for "enterprise coverage" under FLSA. See 29 U.S.C. § 203(s)(1).

### 2. Owusu's Individual Coverage Under FLSA

"Even if an enterprise is not found to be covered by the FLSA, however, individual[ employees] of the corporation nevertheless may be." Kaur, 643 F. Supp. 2d at 292. An employee bringing his claim in this circumstance is said to bring his claim under an "individual coverage" theory. See id. An employee may bring a claim under a individual coverage theory if the employee is "engaged in commerce or in the production of goods for commerce." See id. (citing 29 U.S.C. §§ 206(a), 207(a)(1); Brennan v. Arnheim & Neely, Inc., 410 U.S. 512, 516-17 (1973)). "Employees are 'engaged in commerce' within the meaning of [FLSA] when they are performing work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. "A 'substantial part' of the employee's work must be related to interstate commerce." Kaur, 643 F. Supp. 2d at 292 (citing Walling v. Jacksonville Paper Co., 317 U.S. 564, 572 (1943)).

Owusu argues that he is individually covered under FLSA because he "engaged in commerce" under the statute. (Owusu's Motion.) Specifically, Owusu claims that he engaged in credit card transactions in Corona's employ, and attaches deposition testimony of Nawaz to that effect. ("Nawaz Dep." (Docket Entry # 30-3).) Owusu also cites to an Opinion from the Department of Labor that individuals who regularly engage in credit card transactions are

4

individually covered under FLSA. See Opinion Letter: Fair Labor and Standards Act, Department of Labor, 1999 WL 1002373 (Mar. 5, 1999). Defendants argue that "there is just occasional use of the credit card machine involving minor amounts of money." (Defendants' Motion at 2.)

The parties dispute, therefore, centers on whether Owusu's credit-card processing constituted a "substantial part" of his employment at Corona.[1] If they did, Owusu will be entitled to individual coverage under FLSA. If they did not, Owusu's FLSA claims must be dismissed. Because the resolution of this issue will "affect the outcome of [Owusu's] suit under [FLSA]," see Anderson, 477 U.S. at 248, the court concludes there is a genuine issue of material fact as to the extent of Owusu's use of the credit card machine during his employment at Corona.

### B. Owusu's Cross-Motion for Summary Judgment

Owusu cross-moves for summary judgment on the grounds that FLSA and "New York Wage Law" entitle him to overtime under 29 C.F.R. § 778.114(a), a regulation pertaining to the calculation of overtime wages. (Owusu's Motion at 4-5.) Because, as discussed above, there exists a genuine issue of material fact as to whether Owusu was engaged in interstate commerce under FLSA, the court does not decide this issue. Owusu's counsel does not discuss, in any context, how this provision extends to the "New York Wage Law," or even what the "New York Wage Law" is. Accordingly, the court will deny Owusu's cross-motion for summary judgment.

---

[1] The parties do not address whether any amount of an employee's use of a credit processing machine, by itself, constitutes being engaged in "commerce" under an individual coverage theory under FLSA.

5

## IV.  CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment is DENIED.  Plaintiff's Cross-Motion for Summary Judgment is similarly DENIED.

SO ORDERED.                                        s/Nicholas G. Garaufis

Dated: Brooklyn, New York                          NICHOLAS G. GARAUFIS
November 16, 2010                                  United States District Judge