UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMES OWUSU,

                Plaintiff,

            -against-

CORONA TIRE SHOP, INC., MOHAMMAD
NAWAZ, and MOHAMED TAJ,

                Defendants.
-------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

**09-CV-3744 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff James Owusu brought this case on August 27, 2009, alleging that his employer Corona Tire Shop, Inc. ("Corona") and the shop's owners, Mohammad Nawaz and Mohamed Taj, violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law by failing to pay him overtime. (See Compl. (Dkt. 1); Am. Compl. (Dkt. 36).) Defendants have moved pursuant to Federal Rule of Civil Procedure 15 to amend their Answer, and pursuant to Rule 56 for summary judgment. (See Def. Second Mot. for Summ. J. and to Amend (Dkt. 55) ("Def. Mot.").) Plaintiff opposes both of these motions. (See Pl. Opp'n (Dkt. 56).) For the reasons explained below, Defendants' motions are GRANTED.

**I.    BACKGROUND**

Both sides submitted statements of material fact pursuant to Local Civil Rule 56.1, including three undisputed facts: (1) Corona is a "small retail shop" and does less than $200,000 in sales per year; (2) Plaintiff was employed by Corona from November 1997 until December 2008 primarily as an automobile tire changer and also did some automobile mechanic work; and (3) Plaintiff "had some use of [D]efendant's credit card machine for customers to pay for merchandise purchased at the shop, and services rendered at the shop." (See Def. 56.1 St. (Dkt.

1

55); Pl. 56.1 St. (Dkt. 57).) Plaintiff claims that he was paid a fixed weekly wage and, despite working over forty hours per week on several occasions, he was not paid overtime wages. (Am. Compl. ¶¶ 13-17.)

After some discovery, Defendants moved for summary judgment on the ground that Corona does not have annual gross receipts of at least $500,000 and therefore is not covered by the FLSA. (See Def. Mot. for Summ. J. (Dkt. 25).) Plaintiff opposed Defendants' motion and cross-moved for summary judgment. (See Pl. Opp'n to Summ. J. (Dkt. 30).) He failed to submit evidence to counter Defendants' assertion concerning Corona's annual gross receipts, but argued that he was individually covered under the FLSA because he "engaged in [interstate] commerce" within the meaning of the statute. (See Def. Mot. for Summ. J.; see also First Summ. J. Mem. & Order (Dkt. 32) at 2-4.) To support his contention, Plaintiff cited only deposition testimony of Defendant Nawaz that Plaintiff would occasionally use the credit card machine, and an opinion letter from the Department of Labor explaining that individuals who regularly engage in credit card transactions are individually covered under the FLSA. (See Pl. Opp'n to Summ. J.)

The court found serious deficiencies in the parties' submissions, but concluded based on the submissions that "there is no genuine issue of material fact with regard to Corona's gross receipts; the undisputed evidence establishes that it did not engage in business greater than $500,000 as required for 'enterprise coverage' under FLSA." (First Summ. J. Mem. & Order at 3-4.) The court also concluded that there was a genuine issue of material fact whether Plaintiff was a covered individual under the FLSA. (Id.) Therefore, the court denied Defendants' motion for summary judgment, and denied Plaintiff's cross-motion for summary judgment. (See id.)

After the court's Memorandum and Order, the parties unsuccessfully attempted mediation. (See Rep. of Med. (Dkt. 33); Dec. 14, 2011, Rep. of Med. Unsettled.) Thereafter,

Plaintiff amended his Complaint. (See Am. Compl.) Defendants filed an Amended Answer, then a Second Amended Answer. (See Dkts. 41-42.) After additional discovery, Magistrate Judge James Orenstein certified the action ready for trial without prejudice to any anticipated motion for dispositive relief. (Aug. 7, 2012, Order (Dkt. 51).) The court held a conference with the parties on January 14, 2013, wherein Defendants requested leave to move to amend their answer and for summary judgment with respect to the applicability of the FLSA. (See Jan. 14, 2013, Minute Entry.) The court granted leave and set a briefing schedule. (See id.) The motions are now before the court.

## II. MOTION TO AMEND DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant or deny leave to amend is within the sound discretion of the district court. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id.

Defendants seek to amend their Second Amended Answer to the Amended Complaint to correct "inadvertent errors." (Def. Mot. at 8.) The "inadvertent errors" at issue are Defendants' failure to deny that: (1) Plaintiff worked in excess of 40 hours per week and yet Defendants willfully failed to pay him overtime (Am. Compl. ¶ 16); (2) Defendants are employers engaged in interstate commerce within the meaning of the FLSA (id. ¶ 19); (3) Plaintiff was employed within the meaning of New York Labor Law §§ 2 and 651 (id. ¶ 28); and (4) Defendants'

violations of New York Labor Law have caused Plaintiff irreparable harm (id. ¶ 32). Defendant argues that these amendments should be allowed because they are consistent with the positions they have taken throughout the lawsuit, and the court previously allowed Plaintiff to file an Amended Complaint almost two years late. (Def. Reply (Dkt. 60) at 8-9.) Plaintiff opposes Defendants' motion, arguing that he relied upon Defendants' admissions in formulating his discovery requests, and that he would be prejudiced by the amendment at this point in the lawsuit. (See Pl. Opp'n at 1-5.)

Although Defendants' failure to file a responsive pleading that accurately reflects their litigation positions is inexplicable, the court agrees that Defendants' proposed amendments are indeed in line with their positions over the course of the lawsuit. As noted by both the court and Judge Orenstein in various orders, the delays and deficiencies that have characterized this lawsuit are due to irresponsible lawyering from both sides, not just Defendants. (See, e.g., Mar. 8, 2012, Minute Entry (Dkt. 39); Tr. of Jan. 11, 2013, Conf. (Dkt. 59) at 2:18-3:08.) Therefore, Defendants' motion to amend is granted. Their responsive pleading is deemed amended as reflected in their proposed Amended Answer. (See Def. Mot. at 8.)

## III.    MOTION FOR SUMMARY JUDGMENT

### A.    Standard

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden to make this showing rests upon the party moving for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). "[T]he court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue is created by "specific facts" grounded in testimony or other admissible evidence, not by "mere allegations or denials" of the adverse party's pleadings, id., "by the presentation of assertions that are conclusory," Patterson v. Cnty. of Onieda, N.Y., 375 F.3d 206, 219 (2d Cir. 2004), or "by conjecture[] or speculation" from the non-movant, Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

Summary judgment must be granted "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support [her] case is so slight." Gallo v. Prudential Res. Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994). In particular, it must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

**B. Analysis**

The court has previously ruled that there is no material issue of fact that Corona is not a covered entity under the FLSA. (First Summ. J. Mem. & Order at 3-4.) Defendants now argue that the court must grant their motion for summary judgment because Plaintiff is not a covered individual under the FLSA. (See Def. Mot.)

In cases brought under the FLSA alleging that an employee is individually covered, the employee bears the burden of establishing his individual coverage. Boekemeier v. Fourth

Universalist Soc'y in the City of New York, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000). An individual is covered by the FLSA if he has either "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1); see also Xelo v. Mavros, No. 03-CV-2665 (NG), 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 29, 2005). An employee engages in commerce by "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. Such activities must be a "substantial part" of the employee's work. Boekemeier, 86 F. Supp. 2d at 287. The test "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." Id. (citing McLeod v. Threlkeld, 318 U.S. 491, 497 (1942)).

According to the undisputed facts, Plaintiff was employed as an automobile tire changer and also did some automobile mechanical work. (Pl. 56.1 St. ¶ 2.) He also had "some use" of defendant's credit card machine for customers to pay for merchandise purchased at the shop, and services rendered at the shop. (Id. ¶ 3.) The only other evidence of Plaintiff's activities comes from the deposition testimony of Defendants, his employers. According to Defendant Taj, Plaintiff "used the credit card machine on [sic] few times a week and it did not constitute a substantial part of his employment." (Aff. of Mohammad Taj. in Supp. of Mot. for Summ. J. (Dkt. 55) ¶ 5.) According to Defendant Nawaz:

> Question: Do you know how often [Plaintiff] used the credit card machine?
> Nawaz: We don't have a lot of credit card[s]. Just use one or two a day. That's it. Sometimes none.
> Question: So, it's possible that—
> Nawaz: Yeah. [Plaintiff] can use it.
> Question: Is it possible that [Plaintiff] used the credit card machine once or twice a day?
> Nawaz: Yeah.

(Dep. of Mohammad Nawaz (Ex. 1 to Aff. in Supp. of Pl. Opp'n) (Dkt. 58-1) at 7:15-8:2.) These facts, even if construed in the light most favorable to Plaintiff, do not show that Plaintiff was an employee engaged in interstate commerce.

Plaintiff relies on an Opinion Letter from the Department of Labor regarding individual coverage under the FLSA, which provides that covered employees include "those who regularly handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources." Dep't of Labor, March 5, 1999, Opinion Letter (1999 WL 1002373). However, it is well-settled that to be considered sufficient activity to warrant individual coverage, the employee's work involving interstate commerce must be a "substantial part" of the employee's work. Boekemeier, 86 F. Supp. 2d at 287; see also Lock v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 90 (E.D.N.Y. 2010). Evidence that an employee sometimes engaged in an activity that can be considered interstate commerce, such as bank transactions or mail delivery, is not sufficient to show that the employee was "in the channels of commerce" rather than merely affecting commerce. See Locke, 690 F. Supp. 2d at 90 (regularly delivering mail to the post office was not sufficient to establish a plaintiff's individual coverage under the FLSA); Xelo, 2005 WL 2385724, at *4 (making infrequent deposits at banks was not sufficient for the court to consider plaintiff "engaged in commerce").

In order to defeat summary judgment, Plaintiff must show a material dispute of fact as to whether he was individually covered by the FLSA. See Monterossa v. Martinez Rest. Corp., No. 11-CV-3689 (JMF), 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012). Plaintiff insists that there is a dispute of material fact as to whether his use of the credit card machine constituted a substantial part of his employment. (Pl. Opp'n at 7-8.) However, there is no such dispute: the

evidence, taken in the light most favorable to Plaintiff, shows that Plaintiff used the credit card at most once or twice a day, and sometimes not at all.[1] Plaintiff has not put forth any evidence indicating that he used the credit card machine more frequently than that. As discussed above, these activities are not sufficient to put Plaintiff within the ambit of the FLSA's coverage.[2] Accordingly, Defendants' motion for summary judgment is granted as to Plaintiff's claims under the FLSA. Cf. Locke, 690 F. Supp. 2d at 91 (granting summary judgment where a plaintiff failed to show the essential elements of individual coverage for which he had the burden of proof).

Because the federal claims in the case have been dismissed, the court declines to exercise supplemental jurisdiction over Plaintiff's New York Labor Law claims. See N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 119 (2d Cir. 2007) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

---

[1] Plaintiff attempts to create a factual dispute between Defendant Taj's statement that Plaintiff used the credit card machine "a few times a week" and Nawaz's deposition testimony that Plaintiff used the machine at most once or twice a day. (Pl. Opp'n at 6.) These two statements are not inconsistent by any means; both support the notion that Plaintiff used the credit card machine at most once or twice a day. Plaintiff also argues that the evidence before the court in this second motion for summary judgment is "nearly identical" to the evidence in the parties' previous cross-motions for summary judgment, and that the court must necessarily draw the conclusion that there remains a material dispute of fact. (Id.) In the cross-motions, however, the court was without statements of material facts from the parties, and the only evidence before the court on Plaintiff's use of the credit card machine was Nawaz's deposition testimony. (See First Summ. J. Mem. & Order at 3-4.) Here, the body of evidence is only slightly larger, but is enough to satisfy the court that there is no genuine dispute of fact that Plaintiff was not individually covered by the FLSA.

[2] Plaintiff did not argue that any other aspect of his employment, or any of his other duties, would have put him within the channels of commerce. Therefore, the court's conclusion is based solely on Plaintiff's use of the credit card machine.

8

## IV. CONCLUSION

Defendants' motions to file an amended responsive pleading and for summary judgment are GRANTED. The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                    s/Nicholas G. Garaufis

Dated: Brooklyn, New York           NICHOLAS G. GARAUFIS
       April 15, 2013                   United States District Judge